## STATE COURT OF APPEALS

### No. 500

### EMERINE v. SALISBURY

Ohio Appeals, 3rd Dist., Hardin Co.

No. 182. Decided May 24, 1927.

(Before Judges Crow, Hughes and Justice.)

460. EQUITY—Where there is weakness of mind, inadequacy of consideration and circumstances of undue influence, a contract may be set aside in equity.

#### First Publication of this Opinion

JUSTICE, J.

This case was submitted on the evidence on appeal from the Hardin Common Pleas, and the plaintiff, Elizabeth Emerine, having died testate during pendency of the appeal, one Wade, as executor, has been substituted as party plaintiff.

Plaintiff seeks to have set aside and cancelled a certain written agreement between the decedent and Nannie Salisbury, the defendant, and to recover $2045.86 with interest. It is conceded that decedent delivered to defendant $2000 and the agreement executed, in the form of a promissory note, called for said sum to be payable to decedent, void at the death, to bear 5% interest so. long as she lived, was unsecured and had become lost.

As reasons for setting aside the agreement, it is claimed that at the time the money was delivered, decedent was physically and mentally sick, was of weak understanding and unable to exercise good judgment in her dealing, with defendant. That she was unduly influenced by defendant; and that the agreement is without adequate consideration. The Court of Appeals held:—

1. From the evidentiary facts, the ultimate facts in this case must be drawn, to the end that, in accordance with the principles and rules of equity, a decree and judgment in this case may be entered.

2. Upon careful consideration and weighing of evidence, we are unanimously of the opinion that plaintiff had clearly and convincingly, established the weakened mentality of this decedent; and the plain inadequacy of consideration moving her, as claimed.

3. "The acts and ·contracts of persons of weak understanding, and who are thereby liable to imposition, will be held void in courts of equity, if the nature of the act or contract justify the conclusion, either that the party, through undue influence has not exercised deliberate judgment, or has been imposed upon, circumvented, or overcome by cunning or artifice." Tracy v. Sockett, 1 OS. at pg. 54.

4. The agreement must therefore be set aside and cancelled and judgment entered in favor of plaintiff.

Judgment and decree accordingly.

Attorneys—Axline and Pendleton, Findlay for plaintiff; Stickle and Cessna, Kenton, for defendant.

---

#### 93. APPROPRIATION.

Where an automobile is ordered confiscated under 6212-43 GC., sale and price is not sufficient to pay costs of sale, there is no method by which such costs may be paid, and a municipality is not obliged to appropriate funds to pay same. Sale of Confiscated Automobiles, In Re, Atty. Gen. 5 Abs. 378.

The allegation that upon maturity of a note, same was duly presented for payment might apply to any other time, other than the day of maturity; and where the petition fails to show when notice of dishonor was given, the allegation is simply a conclusion of law. Auglaize Bank v. Miller, et. Com. Pl. 5 Abs. 417.

#### 114. ATORNEYS' FEES—Public Policy.

Where assignment of life insurance policy to company as security for loan might be considered as being sufficiently comprehensive as to include attorneys' fees for foreclosure of a mortgage also given to secure the loan, such stipulation would be contrary to public policy and void. Columbia Life Ins. Co. v. Githens, OA. 5 Abs. 418.

#### 130. BENEFICIAL ASSOCIATIONS.

1. When by a majority vote it is decided to surrender the charter of a beneficial society, and the charter is sent to the parent chapter and same is immediately returned to sender such acts do not constitute a dissolution of the society.

2. A majority of members of an organization may withdraw from the order either singly or collectively but they cannot take the property of the organization with them. Henry, et. v. Cox, et. OA. 5 Abs. 410.

#### 225. CHARGE OF COURT.

Held not error for court to omit in charge, concerning automobile collision, that plaintiff could not assume that defendant's agent was driving in lawful manner if he knew he was not doing so, in view of evidence and whole charge.

2. When court charges upon ordinance, and counsel does not ask for additional instruction he cannot be heard to complain later. B. & O. R. R. Co. v. Miller, et. OA. 5 Abs. 410.

In suit for wrongful death by ·collision between railroad train and automobile at grade crossing where evidence tends to show driver of car looked and also that he could have seen train if he had looked, it is error to refuse to charge that if jury finds he did look, plaintiff cannot recover if jury further finds that he could have seen train if he looked. B. & O. R. R. Co. v. Heck, OS. 5 Abs. 421.

#### 291. CONSTITUTIONAL LAW.

Under Art. XVIII, Sec. 3 of the Ohio Constitution Charter municipality has power to require taxicab operator to furnish liability insurance or indemnity bond. State ex. McBride v. Deckebach, Aud., OS. 5 Abs. 420.

#### 297. CONTRACTS.

In action founded on contract defendant may by answer assert as set-off only a cause of action arising on contract or ascertained by decision of court. McMurray v. Vaughn'c Seed Store, OS. 5 Abs. 421.